The next case, number 23-8029, In Re, Paul S. Hughes. At this time, would Mr. Hughes please introduce himself on the record to begin? Members of the panel, I am Paul Hughes. I am the respondent. So, Mr. Hughes, I know you filed a long sort of summary of your argument that you wanted us to take that we denied, but you're free to just give us sort of a brief summary of that, and then if we have questions, we'll ask them. Well, what I was going to do, Your Honor, I ask that the panel rule that the disciplinary proceeding was conducted in violation of my due process rights. I rely upon the following documents, which I filed with my response on September 28, 2023, my affidavit with its attachments, my memorandum, and the document affidavit, which I had filed with the Supreme Judicial Court. I refer to the information in those documents. I will not restate them in detail. I particularly emphasize the thumb drive, which has my email and attachments to Teeth and Tarragoon on August 17, 2020. The thumb drive is attached as Exhibit 1 of my document affidavit. I do have two thumb drives, which I could provide if you should be requested, and I also emphasize the November 19, 2016, safety insurance check in the sum of $279,834.27 to Brian and Katie Wittkop and my other checks to them. These are attached to my document affidavit as pages 32 to 36. The proceedings were conducted in violation of my due process rights. I focus on my memorandum where I say the imposition of the use of false testimony purposely is a violation of due process rights. I focus particularly on Teeth and Tarragoon. They wrote a letter in October 24, 2020, saying they had reviewed my accounts in my summary and they were accurate. On the day of her testifying, she said, Paul Hughes dictated to me. I had never seen any until bar counsel gave me the August 17, 2020, email with the attachments that I sent to her, which is on the thumb drive, totally disprove that. It is so out of conduct that it implies in itself intent. Furthermore, she testified, and there's plenty, but in the summary in the accounting, I asked for credits. I asked for an amount due, I say an amount due of $54,000 roughly, asked for credits, roughly $12,000, and asked $22,109.20 to have the opportunity to pay. Counsel, what are you asking us to do? This is a reciprocal discipline proceeding, as I understand. What are you asking us to do? I'm saying under Rule 2, you can decline to enter the punishment by the Board of Borrowers if the penalty determines that the proceedings were in violation of my due process rights. Okay, so are you urging us to impose no discipline or a lesser discipline than disbarment? Yes, I am asking, well, I will get to that. Yes, I'm asking, I have paid my clients in full. I have all times continued therapy. I voluntarily submitted my IOTA record reports on a bimonthly basis until bar counsel told me there was no need for me to continue to do so. I've been disbarred since June 26, 2023. I ask that the panel exercise its discretion to allow me to practice. I would abide by any requirements the panel would enter as a condition of letting me to do so, including supervision of my class by another lawyer or required. I wouldn't anticipate holding clients' funds again, but I would open up a $100 account in bimonthly accountings at any. But also, getting back, the intent is also to show the day of the test hearing, Brian Whitcobb said he had never known of a $279,826 check that was issued in November of 2016. He said he went to my office in November 2017. I still didn't mention the check. The check has Katie Whitcobb's signature on it and a signature of Brian Whitcobb. I have four checks that she wrote, which are identical to those. I also have, on the day that he went to see me, he sent an email saying he testified that I never mentioned anything about any money during our meeting. This email was exhibited in the case that he said, I just thank you for meeting with me. I jotted down 245, which would be the net of the structure settlement, correct? Again, so willful as to report content. Finally, she said that when, meaning Mrs. Gowen, that when I paid her the 20,000, the exact amount that I requested the opportunity to pay, she thought it had to do with the insurance or something. And then I show that when I wrote her the letter with the check, I said this is a payment of the amount due. And there's an email, I sent it by email, and there's an email back from Keith and Tara Gowen saying, thank you very so much. We hope for the best for you. Clearly, this is malicious. Clearly, it was in violation of my due process rights. We don't know what the, I had requested mitigation for payment, mitigation for mental health. And there's no, we have no idea of knowing what would have happened if this false testimony hadn't been admitted. Thank you. So I request that the, and one other thing is, I don't know if I should be mentioning it here. I would plan on filing a civil action in the federal court when I have the resources to do so. Okay. Thank you, counsel. Thank you, Mr. Hughes. That concludes argument in this case.